1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel., ERIK LECKNER<br><br>                                    Plaintiffs,<br><br>     v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY AND APEX SYSTEMS, LLC,<br><br>                                    Defendants. | Case No. 21-cv-1109-BAS-BLM<br><br>**ORDER:**<br><br>**(1)   REQUIRING PLAINTIFF TO SHOW CAUSE WHY COUNT 1 SHOULD NOT BE DISMISSED; AND**<br><br>**(2)   UNSEALING ACTION** |

       Plaintiff seeks to prosecute a False Claims Act ("FCA") *qui tam* claim on behalf of the United States as a part of his action.[1]  (Am. Compl. ¶¶ 118–120, ECF No. 2.)   The United States declined to intervene, pursuant to the FCA, 31 U.S.C. § 3730(b)(4)(B).  (ECF No. 3.)  Where, as here, the United States declines to intervene, the person who initiated

---

       [1] Plaintiff also raises a cause of action for retaliation in violation of the FCA, 31 U.S.C. § 3730(h). (Am. Compl. ¶¶ 121–22.)  "There is no question that if Plaintiff has properly pleaded a claim for retaliation, []he is permitted to do so irrespective of the fate of h[is] FCA *qui tam* claim."  *Hayes v. Dep't of Educ. of City of New York*, 20 F. Supp. 3d 438, 443 (S.D.N.Y. 2014)

21cv1109

the action has the right to conduct the action. *Id.* § 3730(c)(3). However, a person not represented by counsel cannot prosecute the *qui tam* claim on behalf of the United States. *See Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1126–27 (9th Cir. 2007) (declining to interpret the general *pro se* provision, 28 U.S.C. § 1654 as allowing *qui tam* relators to proceed without the representation of counsel because "*qui tam* relators are . . . also representing the United States" and holding that "[t]he FCA itself does not authorize a relator to prosecute a § 3729 violation *pro se*"). Because Plaintiff is unrepresented by counsel, his FCA *qui tam* claim ("Count 1") fails as a matter of law. An amendment of the pleading cannot cure this defect.

Accordingly, the Court **ORDERS** Plaintiff to **show cause**, **on or before November 3, 2021**, why **Count 1** should not be dismissed without leave to amend, but without prejudice to future refiling by a licensed attorney.

The Court also **ORDERS** that:

1. The Complaint, the Amended Complaint, the United States' Notice of Declination, and this Order be unsealed;

2. The seal be lifted as to all other matters occurring in this action after the date of this Order;

3. The parties shall serve all pleadings and motions filed in this action, including supporting memoranda, upon the United States, as provided for in 31 U.S.C. § 3730(c)(3); and

4. All orders of this Court shall be sent to the United States.

**IT IS SO ORDERED.**

**DATED: October 20, 2021**

Hon. Cynthia Bashant
United States District Judge

- 2 -

21cv1109