UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, ERIK LECKNER,<br><br>                                    Plaintiff,<br><br>v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.; APEX SYSTEMS, LLC,<br><br>                                    Defendants. | Case No.:  21cv1109-LL-BLM<br><br>**ORDER DISMISSING WITHOUT PREJUDICE COUNT ONE OF PLAINTIFF'S AMENDED COMPLAINT** |

Currently before the Court is relator Plaintiff Erik Leckner's ("Plaintiff") "Response to Order Requiring Plaintiff To Show Cause Why Count 1 Should Not Be Dismissed." ECF No. 28. The Court has given Plaintiff multiple extensions to show cause why Count 1 of his amended complaint, a *qui tam* action under the False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, should not be dismissed on the ground that Plaintiff is not represented by counsel. *See Stoner v. Santa Clara Cty. Off. of Educ.,* 502 F.3d 1116, 1126–28 (9th Cir. 2007) (holding that *qui tam* relators may not proceed pro se in FCA actions). Per the Court's October 21, 2021 Order, Plaintiff was given until November 3, 2021 to show cause why Count 1 of his Amended Complaint should not be dismissed without leave to amend, but without prejudice to future refiling by a licensed attorney. ECF No. 4. The Court stated

1  that "[b]ecause Plaintiff is unrepresented by counsel, his FCA *qui tam* claim ("Count 1")
2  fails as a matter of law." *Id.* at 2. Plaintiff has subsequently requested and been granted
3  *three* extensions to show cause, most recently until May 2, 2022. ECF Nos. 10, 12, 18.

4      In the Court's most recent order granting Plaintiff's extension of time to show cause,
5  the Court set a deadline for Plaintiff "to show cause, on or before May 2, 2022, why Count
6  1 should not be dismissed without leave to amend, but without prejudice to future refiling
7  by a licensed attorney." ECF No. 18. The Court warned that "this is the last continuance it
8  will grant for showing cause" and that "[a]bsent extraordinary circumstances, no further
9  continuances will be granted by the Court." *Id.* at 2. Notwithstanding this, Plaintiff has
10 failed to refile Count 1 by a licensed attorney. Instead, Plaintiff now disputes "whether a
11 *qui tam* relator can proceed pro se on Count 1." ECF No. 28 at 2. The Court finds the
12 arguments made in Plaintiff's Response unpersuasive because the Ninth Circuit's ruling in
13 *Stoner* is binding precedent on this Court. 502 F.3d 1116.

14     In light of Plaintiff's failure to meet the May 2, 2022 deadline to find a licensed
15 attorney to refile Count 1 of his Amended Complaint [ECF No. 2], the Court hereby
16 **DISMISSES** Count 1 without prejudice. Additionally, to the extent that Plaintiff seeks
17 additional time to find a licensed attorney in this matter, the request is **DENIED**.

18     **IT IS SO ORDERED**.
19 Dated: May 4, 2022

Honorable Linda Lopez
United States District Judge